UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAREEM PIRES,<br>     Defendant. | Criminal Case No. 24-CR-0059-JJM |

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, KAREEM PIRES, have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will plead guilty to Count Four of the Indictment, which charges Defendant with Conspiracy to Tamper with a Witness, Victim, or Informant by Killing or Attempting to Kill, in violation of 18 U.S.C. § 1958 and 18 U.S.C. § 1512(k).

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

    a. The government will recommend that the Court impose a term of imprisonment no greater than the low end of the guideline range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. In the event that the Court subsequently recalculates

1

Defendant's guideline range as the result of a retroactive guideline amendment, the government reserves the right to advocate for a term of imprisonment up to and including the length of the term of imprisonment that the Court originally imposed upon Defendant pursuant to this Agreement so long as it is not higher than the government's original agreed-upon recommendation as they existed under the guidelines in effect at the time of this plea agreement.

  b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

  c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

  d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

  e. The government will, at the time of sentencing, move to dismiss Count One, Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958, of the indictment.

  f. If Defendant pleads guilty pursuant to this plea agreement, the government will not bring Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 846 in the District of Massachusetts, relating to PIRES narcotics trafficking with Elijah Melton and Theodore Richards in MA case number 25-MJ-01095-DLC. Defendant understands that such charges could expose Defendant to greater sentence, to wit: a mandatory minimum sentence of 10 years imprisonment up to life imprisonment, a $10,000 fine, no less than 5 years supervised release up to lifetime supervised release, and a $100 special assessment.

 3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

 4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

 Defendant, KAREEM PIRES is an associate of Elijah Melton ("Melton"). In March of 2024, Melton was facing federal narcotics charges in the District of Massachusetts. Melton became incarcerated in March of 2024 related to the pending charges. Melton hired an individual to kill a person Melton believed to be an informant in the pending narcotics case, as well as other individuals. PIRES communicated and/or received information from Melton while Melton was incarcerated in the District of Rhode Island. PIRES and Melton agreed and conspired that PIRES would meet with the hired hitman

3

and agreed and conspired to cause another to use facilities of interstate commerce including cellular telephones and Interstate 95 and other highways, to effectuate the plan to murder the individuals specified in Counts Four of the indictment. On April 24, 2024, PIRES met with the individual Melton believed he hired to kill the informant and others. PIRES agreed to provide information to the hired gunman about the informant and two other individuals that owed money to Melton. The evidence showed that the individual Melton hired used a cellular telephone to communicate with PIRES to further the plan to murder.

    5.    Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

    6.    The maximum statutory penalties for the offenses to which Defendant is pleading are:

    (i)  Count Four: 30 years imprisonment; a fine of $250,000; a term of supervised release of 5 years; a mandatory special assessment of $100;

    7.    Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to

recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

    8.    Defendant is advised and understands that:

    a.    The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c.    Defendant has the right to a jury trial;

    d.    Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f.    Defendant waives these trial rights if the Court accepts a plea of guilty.

    g.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration

5

status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives his right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court, except Defendant does not waive his right to appeal the Court's application of U.S.S.G. § 2A2.1(b)(2) and §4C1.1. This agreement does not affect the rights or obligations of the United States as set forth in 18

6

U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities other than what is agreed to in paragraph 2(f).

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  12/22/25
**KAREEM PIRES**  Date
Defendant

*Vadim A. Glozman*  12/23/2025
**VADIM A. GLOZMAN**  Date
Counsel for Defendant

_____  12/23/2025
**PETER I. ROKLAN**  Date
Assistant U.S. Attorney

_____  12/23/2025
**STACEY A. ERICKSON**  Date
Assistant U.S. Attorney
Deputy Chief, Criminal Division

8